UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.

**IBERIABANK,** a Louisiana banking corporation and
Authorized to do business in the State of Florida,

    Plaintiff,

vs.

**BENEVA 41-I, LLC,** a Florida limited liability company;
**BENEVA 41-II, LLC,** a Florida limited liability company; and,
**BENEVA 41-III, LLC,** a Florida limited liability company,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, **IBERIABANK**, organized under the law of the State of Louisiana and authorized to do business in the State of Florida, ("Iberia") sues Defendants, **BENEVA 41-I, LLC,** a Florida limited liability company; **BENEVA 41-II, LLC,** a Florida limited liability company; and **BENEVA 41-III, LLC,** a Florida limited liability company (the Defendants are collectively referred to as the "Sublessor") and states and alleges as follows:

1. This is an action for declaratory judgment and supplemental relief as authorized by 28 U.S.C. 2201.

2. This matter involves the application and interpretation of a Federal statute and a Federal question, therefore jurisdiction is proper in this Court.

3. Iberia, is a Louisiana banking corporation and authorized to do business in the state of Florida.

4. **BENEVA 41-I, LLC** is a Florida limited liability company; **BENEVA 41-II, LLC,** is a Florida limited liability company; and **BENEVA 41-III, LLC,** is a Florida limited liability company,

organized and existing under the laws of the state of Florida, with each having a principal place of business in Sarasota County, Florida.

5. On January 3, 1979, Casto Development as a sublessor and National Bank Gulf Gate as sublessee entered into a sublease for certain property located at 8181 South Tamiami Trail, Sarasota, Florida (the "Sublease"). A copy of the Sublease is attached as Exhibit "1".

6. At some point after January 3, 1979 and prior to April of 2002, National Bank Gulf Gate merged into or was acquired by SunTrust Bank.

7. On April 26, 2002, SunTrust Bank assigned all interests of the sublessee to Orion Bank via an Agreement and an Assignment and Assumption of Sublease Agreement. A copy of the April 26, 2002 Agreement and the April 26, 2002 Assignment and Assumption of Sublease Agreement are attached as Composite Exhibit "2".

8. A Memorandum of Lease recognizing Castro Investments Company, Ltd., as landlord, recognizing Orion Bank as tenant and recognizing the term of the Sublease as 5 years with 9 additional consecutive 5 year extensions available to the sublessee, was recorded in the Public Records of Sarasota on August 23, 2002. A copy of the recorded Memorandum of Lease is attached as Exhibit "3".

9. On or around January 8, 2009, Castro Investments Company, Ltd., assigned or otherwise transferred its interest in the Sublease to the Sublessor. A copy of correspondence notifying Orion Bank of the transfer is attached as Exhibit "4".

10. On or about August 31, 2009, the Sublessor and Orion Bank entered into an Amendment to the Sublease (the "August 31, 2009 Amendment").

11. The August 31, 2009 Amendment includes, in relevant part, a clause that states:

> Sublessor shall have the right to terminate the Sublease if (i) Orion is sold and/or transferred to another banking institution, or (ii) Orion sells and/or transfers all or substantially all of its assets. In the event Sublessor terminates the Sublease as permitted by the paragraph 3 of the Amendment, the parties agree that Sublessee, or its successor in interest, may stay in possession and use of the lease premises for up to one (1) year following termination of the Sublease. During such period,

> Sublessee, or it successor in interest, shall pay all rent and additional charges (including accrued real estate taxes and assessments for the then current year) otherwise routinely due under the Sublease, and, provided Sublessee is not otherwise in default of the Sublease, Sublessor shall waive its right to collect double rent during the period of occupancy (not to exceed one (1) year) following termination of the Sublease."
> (the "Ipso-Facto Clause").

12. On November 13, 2009, Orion Bank was closed by the Florida Office of Financial Regulation and Federal Deposit Insurance Corporation (the "FDIC") was appointed as Receiver of Orion Bank. A copy of the Order Appointing Receiver of Orion Bank, Notice of Taking Possession of Orion Bank and Appointment of Receiver and Order Confirming Appointment of Federal Deposit Insurance Corporation as Receiver of Orion Bank are attached hereto as Composite Exhibit "5".

13. Because the Florida Office of Financial Regulation appointed the FDIC as receiver of Orion Bank, pursuant to Florida Statute §658.82(1), Federal law governs the actions and procedures of the receiver.

14. On November 13, 2009, the FDIC and Iberia entered into a Purchase and Assumption Agreement wherein Iberia purchased all of the real estate assets of Orion Bank from the FDIC except those items specifically delineated in paragraph 3.5 (pages 13 and 14) of the Purchase and Assumption agreement which is attached hereto as Exhibit "6". The Purchase included the Sublease for which Iberia paid the FDIC valuable consideration.

15. On June 29, 2010, Sublessor provided notice to Iberia that it was exercising the Ipso Facto Clause and that Iberia had one year from the date of the notice to vacate the premises. A copy of the June 29, 2010 correspondence is attached hereto as Exhibit "7".

16. The June 29, 2010 Notice states that the Ipso Facto Clause "was specifically negotiated to allow Sublessor the right to terminate the Sublease in events such as when Orion Bank was closed by the FDIC and its assets were transferred to Iberiabank".

17. Pursuant to 12 U.S.C. 1821(e)(12)(A), ipso facto clauses are unenforceable and a nullity when a bank goes into receivership of the FDIC.

18. Specifically, the Code states that "The [FDIC] may enforce any contract [other than two types of contracts not applicable here] entered into by the depository institution notwithstanding any provision of the contract providing for termination, default, acceleration, or exercise of rights upon, or solely by reason of, insolvency or the appointment of a conservator or receiver." 12 U.S.C. 1821(e)(12)(A).

19. Pursuant to 12 U.S.C. 1821(d)(2)(A), when the FDIC was appointed receiver, it stepped into the shoes of Orion Bank with all right and title to all assets of Orion Bank.

20. Pursuant to 12 U.S.C. 1821(d)(2)(G), when the FDIC was appointed receiver, it had the absolute and unassailable right to transfer any asset of Orion Bank to a new banking institution [in this case Iberia], without any approval or consent of Sublessor.

21. Taken together, these statutes establish that the FDIC had the absolute right to assume the Sublease and transfer it to Iberia and the Sublessor is not permitted to use that assignment and transfer as a basis to terminate the Sublease even with an express provision providing for such a termination. Ipso facto clauses are simply unenforceable under these circumstances.

22. Paragraph 19.01 of the Sublease provides that if any provision of the Sublease is determined to be invalid, the remainder of the Sublease shall remain in full force and effect without the offending provision. The Ipso Facto Clause is such a provision that should be struck from the Sublease leaving the remainder of the Sublease intact.

23. Iberia asserts and believes that the Ipso Facto Clause is unenforceable and therefore the Sublease is still in full force and effect.

24. The Sublessor appears to contend that the Ipso Facto Clause controls this situation and that it has properly terminated the Sublease.

25. The conflicting interpretations of the August 31, 2009 Amendment create a bona fide, actual, present, controversy.

26. Plaintiffs are in doubt about their rights and obligations under the August 31, 2009 Amendment, the Sublease and 12 U.S.C. 1821(e)(12)(A).

27. The Court has before it an actual, present and ascertainable set of facts.

28. The rights of the parties under the August 31, 2009 Amendment, the Sublease and 12 U.S.C. 1821(e)(12)(A) are at issue.

29. Iberia and Sublessor have an actual and present antagonistic interest in the subject matter of this action in both fact and law.

30. All antagonistic interests are before the Court.

31. The relief requested is actual and necessary for the parties to understand their rights under the August 31, 2009 Amendment, the Sublease and 12 U.S.C. 1821(e)(12)(A).

32. The Sublease provides for the prevailing party in an action to recover its fees and costs.

**WHEREFORE**, the Plaintiffs demand judgment: (a) declaring that the Ipso Facto Clause is unenforceable under these facts and circumstances; and, (b) declaring that the Sublease is still in full force and effect without the Ipso Facto Clause; and, (c) for supplementary relief, attorney's fees and costs; and, (d) for any other relief that this Court deems just and proper.

WILLIAMS PARKER HARRISON
DIETZ & GETZEN

By: _____
KEVIN R. BRUNING, ESQ.
Florida Bar #0411485
200 South Orange Avenue
Sarasota, FL 34236
Telephone: (941) 366-4800
Facsimile: (941) 954-3172
Attorneys for Plaintiff

1228919_1.docx